UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
EDDIE L. DECREE, *pro se*,

        Plaintiff,

        -v-

EPISCOPAL HEALTH INC.;
ST. JOHN'S EPISCOPAL HOSPITAL,

        Defendants.
------------------------------------------------------x

**ORDER OF DISMISSAL**
08-CV-579 (DLI)(LB)

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff, proceeding *pro se*, alleges that on October 24, 2007, he was attacked by a nurse and three officers who worked at defendant St. John's Episcopal Hospital in Far Rockaway, New York. Plaintiff alleges that he suffered mental and physical abuse, and he seeks compensation in the form of monetary damages. The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but, for the reasons set forth below, dismisses the complaint for lack of subject matter jurisdiction.

**Standard of Review**

In reviewing plaintiff's complaint, the court is mindful that because plaintiff is proceeding *pro se,* his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citations omitted); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). However, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

1

defendant who is immune from such relief."

## Discussion

The subject matter jurisdiction of the federal courts is limited. "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Section 1331 provides for federal-question jurisdiction and section 1332 provides for diversity of citizenship jurisdiction. *Id*. A plaintiff properly invokes section 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount of $75,000. *Id*. (citing 28 U.S.C. § 1332(a)). Federal diversity jurisdiction exists in a controversy between citizens of different states, or citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a). Plaintiff is a citizen of New York. For diversity purposes, section 1332 states that "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332(c). The instant case lacks diversity; the defendants Episcopal Health Inc. and St. John's Episcopal Hospital both have their principal places of business in New York and therefore, under section 1332 they are both New York citizens.[1]

As noted by the Supreme Court, "[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." *Hagans v. Lavine,* 415 U.S. 528, 537 (1974) (quoting *Ex parte Poresky,* 290 U.S. 30, 31-32 (1933)). Accordingly, if plaintiff cannot present a substantial federal question, this court lacks subject matter jurisdiction over his

---

[1] *See* http://www.ehs.org/corp/ ("Today, [Episcopal Health Services, Inc.] remains a leader in the healthcare industry and has grown to become one of the largest healthcare systems in New York State, serving Brooklyn, Queens, and Nassau Counties.").

2

claim. "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513 (citing *Bell v. Hood*, 327 U.S. 678, 681-85 (1946)).

Federal jurisdiction is not available under section 1331 because plaintiff's claims pertain to an alleged dispute that occurred between plaintiff and private individuals employed at a private hospital. Even if liberally construed as a civil rights claim under 42 U.S.C. § 1983, the claim must fail because there is no allegation that these private defendants acted under color of state law. The Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citations omitted); *cf. Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'") (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)). Defendants Episcopal Health, Inc., and St. John's Episcopal Hospital are private parties whose conduct cannot fairly be attributed to the state. Plaintiff has failed to assert any grounds for federal jurisdiction, either through federal question or diversity. Accordingly, this court lacks subject matter jurisdiction over this matter. The court expresses no opinion whether plaintiff may have a cognizable claim in state court.

**Conclusion**

Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       March 21, 2008

                                                                                                       /s/
                                                                                                    DORA L. IRIZARRY
                                                                            United States District Judge